## THE BELGENLAND.*

*(Circuit Court, E. D. Pennsylvania.   October 22, 1881.)*

1. ADMIRALTY—JURISDICTION—COLLISION BETWEEN FOREIGN VESSELS.
   The admiralty courts of the United States have jurisdiction of collisions occurring on the high seas between foreign vessels.

Motion for Reargument.

This case had been decided upon appeal from the district court, the opinion being reported in 9 FED. REP. 126.  Subsequently the following order was made:

"And now, October 19, 1881, Morton P. Henry and Henry R. Edmunds, proctors for the steam-ship Belgenland, pray for a reargument of this cause on the pleas filed therein; *i. e.,* as to the jurisdiction of the admiralty courts of the United States in this cause, growing out of a collision between foreign vessels, happening on the high seas, and not within the waters of the United States.  It is therefore ordered that the said cause be set down for reargument on the said plea; the decree heretofore entered to be reopened until the question of jurisdiction is decided."

*Henry Flanders* and *J. Langdon Ward,* for libellant.

*Morton P. Henry* and *Henry R. Edmunds,* for respondent.

After argument the following opinion and decree were filed:

McKENNAN, C. J.   And now, October 22d, the above cause came on to be heard on the pleas to the jurisdiction, and was argued by counsel.

And thereupon the following facts were found:

That the collision in question occured between the Luna, a Norwegian bark, and the steam-ship Belgenland, which steam-ship was owned by the Societe Anonyme de Navigation Belge-Americaine, a Belgian corporation or association created by the laws of the kingdom of Belgium, and that the said steam-ship was a Belgian vessel in point of nationality, sailing under the Belgian flag; and that the collision occurred on the high seas, and not within the waters of the United States.

### CONCLUSIONS OF LAW.

That the admiralty courts of the United States have jurisdiction of collisions occurring on the high seas between vessels owned by foreigners and of different nationalities; and that the plea to the jurisdiction is overruled.

And ordered that the within finding be added to the finding heretofore filed, and that the decree made in the case stand.

*Reported by Frank P. Prichard, Esq., of the Philadelphia bar.